UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>KENNETH JOHNS,<br><br>   Defendant. | Case No. 02-cv-40004-JPG |

**MEMORANDUM AND ORDER**

  This matter comes before the Court on defendant Kenneth Johns' *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 285). The Court appointed counsel for the defendant, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 287). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither the defendant nor the Government has responded to counsel's motion, although they were given an opportunity to do so. *See* Admin. Order 137.

  Johns pled guilty to one count of conspiracy to distribute crack cocaine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 453.60 grams, *see* PSR ¶ 28, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 34. His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b) because Johns possessed a firearm in connection with the offense and was decreased by 3 points under U.S.S.G. § 3E1.1(a) because Johns accepted responsibility for his offense. This established a total offense level of 33 which, considering Johns' criminal history category of III, yielded a sentencing range of 168 to

---

  [1]Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2001 version.

210 months in prison.  The Court imposed a sentence of 168 months.

In 2008, the Court reduced Johns' sentence pursuant to 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendments 706 and 711, which lowered by two points the base offense levels associated with various amounts of crack cocaine.  Johns' base offense level was recalculated at 32, rendering a total offense level of 31.  Considering his criminal history of III, this yielded a sentencing range of 135 to 168 months.  The Court reduced his sentence to 135 months.

Johns now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence even further.  Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.  The relevant parts of Amendment 750 are retroactive.  *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The Court does not have subject matter jurisdiction to consider a reduction request for

Johns because he cannot satisfy the first criterion. Johns was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Under Amendment 750, the base offense level for 453.60 grams of crack cocaine, Johns' relevant conduct, is 32, exactly what Johns' base offense level was before Amendment 750 became effective. Thus, Johns' total offense level – and his sentencing range – was the same before and after Amendment 750.

Because Johns cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request. *See Lawrence*, 535 F.3d at 637-38; *Forman*, 553 F.3d at 588. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 287) and **DISMISSES** Johns' *pro se* motion for a sentence reduction (Doc. 285) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:  July 23, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
